**In re Paul Eugene DANIO, Debtor.**

**Bankruptcy No. 89 B 07584 J.**

United States Bankruptcy Court,
D. Colorado.

May 25, 1990.

Stuart G. Barr, Denver, Colo., for debtor.

William A. Huston, Golden, Colo., for creditor Leif A. Nelson.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

This matter came on for hearing on a Motion to Reconsider this Court's order of March 23, 1990, denying a Motion to Convert to Chapter 7.

This case was filed June 5, 1989, as a Chapter 7. On December 22, 1989, the Debtor filed a Motion for Order Converting Chapter 7 Case to Case under Chapter 13, and on January 16, 1990, the Court entered its Order of Conversion.

On January 22, 1990, Creditor Leif A. Nelson filed a Motion to Convert to Chapter 7 per 11 U.S.C. § 1307(c) and 11 U.S.C. § 105, Motion for Issuance by Court of Contempt Citation per Rule 9020, and Motion to Revoke Discharge per 11 U.S.C. § 727 and 11 U.S.C. § 105 [sic]. That pleading was set for hearing on March 27, 1990, but the Movant failed to appear and the Court denied the Motions. On March 27, 1990, the Creditor filed the within Motion to Reconsider and the matter was set for hearing.

Sometime in 1988 the Debtor, as Trustee for the Freda E. Danio Trust, a Mr. Robert I. Caddell, and a Mr. Fun–Den Wang formed a partnership called Virginia Canyon Mining Company, Inc. ("VCM"). This corporation entered into a joint venture agreement with a Chinese company called CITIRESOUTCES ("CR") known as CR–VCM. The Debtor and Mr. Wang were each 40% owners of VCM and Mr. Caddell was a 20% owner. The purpose of the joint

venture was to develop and operate a gold mine in Colorado. The Debtor worked for the joint venture for some time, but never received payment for his services and, as a result, came into financial difficulties. On September 15, 1989, the Debtor and Mr. Caddell entered into an agreement whereby the Debtor transferred the 40% of VCM stock he controlled to Caddell in exchange for $30,000.00 plus a sum to be determined later by an independent appraisal of the mine. This left Caddell with a 60% ownership of VCM. Apparently, Caddell and Wang had a falling out and Caddell, by virtue of his controlling interest in VCM, ousted Wang from the Board of Directors.

In October, 1989, after this bankruptcy petition was filed, Mr. William A. Huston, who was the attorney for Mr. Wang, persuaded a young attorney, Leif A. Nelson, to act as a straw man for Wang, and had Nelson purchase two judgments from creditors of the Debtor for $200.00 each. One judgment was for $2,209.89 and the other was for $5,351.59. Thereafter, Nelson filed a Proof of Claim in this case. Mr. Wang, prior to this surreptitious purchase of judgments by Nelson, was not a creditor of this estate, had filed no Proof of Claim, and was not listed by the Debtor in any of his schedules as a creditor. From the evidence presented, this Court finds that the sole purpose of Mr. Wang in this judgment purchase scheme was to harass the Debtor and Mr. Caddell because he had been ousted from a controlling position with VCM.

This Court has previously held that where a claim in bankruptcy was purchased for improper purposes, the purchasing creditor was deprived of its status as a "party in interest." *In re Keyworth*, 47 B.R. 966 (Bankr.Colo.1985), aff'd. U.S. Dist. Court, Civil Action No. 85 Z 1613, September 11, 1985. Such is the case here. It is, therefore,

ORDERED that Creditor Leif A. Nelson is not a party in interest such as to enable him to seek the relief requested in the within Motion, and the Motion is denied.